UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MISS JONES, LLC,

                    Plaintiff,

       -against-

MAGDA VIERA,

                  Defendant.
----------------------------------------------------------------X

**REPORT &
RECOMMENDATION**
18-CV-1398-NGG-SJB

**BULSARA, United States Magistrate Judge:**

      Plaintiff Miss Jones, LLC ("Plaintiff") has filed a motion seeking a default

judgment in this foreclosure action against Defendant Magda Viera.[1] (Mot. for Default

Judgment dated Aug. 22, 2019, Dkt. No. 27). In light of the Second Circuit's

certification of questions to the New York Court of Appeals, *CIT Bank N.A. v. Schiffman*,

— F.3d —, 2020 WL 425049 (2d Cir. Jan. 28, 2020), it is respectfully recommended that

the default judgment be denied without prejudice to renewal, and this case be stayed

pending resolution of *Schiffman*.

      In *CIT Bank N.A. v. Schiffman*, the District Court granted Plaintiff CIT Bank

N.A.'s ("CIT") motion for summary judgment. Defendants appealed to the Second

Circuit on the grounds that CIT allegedly failed to comply with certain pre-foreclosure

procedures required by New York Real Property Actions and Proceedings Law

("RPAPL") §§ 1304 and 1306. — F.3d at —, 2020 WL 425049, at *1.

---

[1] Jack Viera (together, with Magda Viera, the "Vieras") is no longer a party to this
suit, (Notice of Voluntary Dismissal dated Feb. 27, 2019, Dkt. No. 25), but he was a
signatory to the mortgage, signed in 2007, (Mortgage dated Jan. 5, 2007, attached as
Ex. B. to Compl. Dkt. No. 1). Jack's interest in the property was conveyed to Magda in
2008. (Deed dated Apr. 30, 2008, attached as Ex. to Letter dated Feb. 13, 2019, Dkt.
No. 23).

RPAPL § 1304 includes a condition precedent to the commencement of any foreclosure action, requiring that "at least ninety days" prior to filing notice be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is subject to the mortgage." N.Y. Real Prop. Acts. Law §§ 1304(1), (2); *Schiffman*, — F.3d at —, 2020 WL 425049, at *2. "Compliance with § 1304 can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.'" *Schiffman*, — F.3d at —, 2020 WL 425049, at *2 (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 21 (2d Dep't 2019)). Courts must determine whether a plaintiff has complied with RPAPL § 1304, even on a default judgment motion, *see, e.g.*, *Nationstar Mortg. LLC v. Nedza*, 315 F. Supp. 3d 707, 710 (W.D.N.Y. 2018), because failure to comply with § 1304 is a sufficient basis to deny foreclosure relief, *CIT Bank, N.A. v. Donnatin*, No. 17-CV-2167, 2020 WL 248996, at *3–4 (E.D.N.Y. Jan. 16, 2020). *Accord. Wilmington Sav. Fund Soc'y, FSB v. White*, No. 17-CV-2288, 2019 WL 4014842, at *4 (E.D.N.Y. May 28, 2019) ("Both state and federal courts in New York, however, have found that proper service of a RPAPL § 1304 notice on the borrower is a condition precedent to the commencement of a foreclosure action and plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304. Plaintiff cannot satisfy its burden with conclusory statements of compliance with RPAPL's requirements." (quotations and citations omitted)).

The notices in *Schiffman* were dated one year after the default on the mortgage obligations. — F.3d at —, 2020 WL 425049, at *3. The Second Circuit found that this

gap in time casted "doubt on whether CIT offered adequate 'proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed.'" *Id.* Finding no controlling New York State authority on the question, the Court certified the following question to the Court of Appeals:[2] "Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?" —F.3d at —, 2020 WL 425049, at *4 (emphasis removed). The certified question, thus, asks the Court of Appeals to shed light on the meaning and application of § 1304.

It would be inappropriate to enter a default judgment in this case—which would require the Court to conclude that Plaintiff complied with § 1304 as a condition precedent to suit—prior to the resolution of the certified question. Plaintiff alleges in the Complaint that "[t]he 90-day notice provided by RPAPL 1304(1) was issued on November 2, 2017 to Magda Viera and Jack Viera." (Compl. dated Mar. 6, 2019, Dkt. No. 1 ¶ 21). Plaintiff's affidavit in support of the default judgment motion does not mention the § 1304 notices. (*See* Decl. in Supp. of Mot. for Default J. dated Aug. 22, 2019, Dkt. No. 27). Plaintiff does not describe any mailing procedure that was followed, by affidavit or otherwise. Plaintiff did attach two certified mail receipts to the Complaint, but they are without signatures. (Notice to Jack Viera dated Nov. 2, 2017,

---

[2] It also certified a second question related to § 1306: "Where there are multiple borrowers on a single loan, does RPAPL § 1306 require that a lender's filing include information about all borrowers, or does § 1306 require only that a lender's filing include information about one borrower?" *Schiffman*, — F.3d at —, 2020 WL 425049, at *5. There is no reason to believe that the § 1306 question impacts the present motion for default judgment.

attached as Ex. E to Compl., Dkt. No. 1; Notice to Magda Viera dated Nov. 2, 2017, attached as Ex. E to Compl., Dkt. No. 1).  Most importantly, the Vieras defaulted more than 5 years before the notices were purportedly mailed, a larger gap of time than in *Schiffman*.  (Compl. ¶ 20 ("Magda Viera and Jack Viera have failed to comply with the terms and provisions of the said Mortgage and said instruments secured by the Mortgage, by failing to make the Monthly Payments due on the sixth (6th) day of July, 2012 and the default continues to date.")).

These circumstances raise similar questions as in *Schiffman*.  It is likely the New York Court of Appeal's answer to the certified question will clarify what import significant gaps in time between default and notice have on whether § 1304's requirements have been satisfied.  That answer will be binding on this Court.  *See Engel v. CBS, Inc.*, 182 F.3d 124, 125 (2d Cir. 1999) ("We receive the response to our certification bearing in mind that the highest court of a state has the final word on the meaning of state law, and are bound to apply New York law as determined by the New York Court of Appeals." (citations and quotations omitted)).  Significant judicial resources will be saved if the Court refrains from deciding the motion for default judgment and the same issue of New York law that the Second Circuit has certified.

The District Court for the District of Nevada issued several stays in a similar situation.  After recognizing a federal-state split in the interpretation of Nevada's homeowners association foreclosure notice provisions, the District Court certified a question to the Nevada Supreme Court, and in cases where resolution of the certified question was relevant, stays were issued.  *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Indep. II Homeowners' Ass'n*, No. 16-CV-536, 2018 WL 297579, at *2 (D. Nev. Jan. 4, 2018) ("The Court finds that significant judicial resources will be saved if the Court

refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090."); *Bank of Am., N.A. v. Santa Barbara Homeowners Ass'n*, No. 16-CV-2768, 2017 WL 11306681, at *1 (D. Nev. Dec. 29, 2017) ("[T]his Court *sua sponte* stays this action in its entirety until the Nevada Supreme Court resolves the certified question." (footnote omitted)).  It would be prudent to follow the same course here.

Thus, it is respectfully recommended that the case be stayed, and the pending motion for default judgment be denied without prejudice, until the Court of Appeals answers the certified questions and the Second Circuit issues any further opinion in *Schiffman*.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this Report.  Failure to file timely objections may waive the right to appeal the District Court's order in reliance on this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

Plaintiff shall serve a copy of this Report and Recommendation on Magda Viera and file proof of such service on the record **within two weeks** of the date of this Report.

SO ORDERED.

*/s/ Sanket J. Bulsara* Jan. 29, 2020

SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York