UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────
MISS JONES, LLC,

                Plaintiff,

    -against-

MAGDA VIERA,

                Defendant.
────────────────────────────────

ORDER
18-CV-1398 (NGG) (SJB)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Miss Jones, LLC, brings this foreclosure action against Defendant Magda Viera. (Compl. (Dkt. 1).) Pending before the court is Plaintiff's motion for default judgment, which the court referred to Magistrate Judge Sanket J. Bulsara for a report and recommendation ("R&R"). (*See* Mot. for Default J. (Dkt. 27); Aug. 23, 2019 Order Referring Mot.) Judge Bulsara issued an R&R on January 29, 2020, recommending that the court: (1) deny the motion for default judgment without prejudice; and (2) stay the case pending the resolution of *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020), in which the Second Circuit certified two questions to the New York Court of Appeals. (R&R (Dkt. 28) at 1, 5.) Plaintiff filed timely objections to the R&R, arguing that the resolution of *Schiffman* will have no bearing on its motion. (Pl. Obj. to R&R ("Pl. Obj.") (Dkt. 30) at 2-3.)

For the reasons explained below, Plaintiff's objections are OVERRULED and Judge Bulsara's R&R is ADOPTED in full.

I. LEGAL STANDARD

In reviewing an R&R from a magistrate judge regarding a dispositive motion, the district court "may adopt those portions of the report to which no objections have been made and which are not facially erroneous." *Romero v. Bestcare Inc.*, No. 15-CV-7397 (JS),

1

2017 WL 1180518, at *2 (E.D.N.Y. Mar. 29, 2017);[1] *see also Impala v. U.S. Dep't of Justice*, 670 F. App'x 32, 32 (2d Cir. 2016) (summary order) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

The district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). To obtain *de novo* review, an objecting party "must point out the specific portions of the [R&R]" to which it objects. *Sleepy's LLC v. Select Comfort Wholesale Corp.*, 222 F. Supp. 3d 169, 174 (E.D.N.Y. 2016). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the [R&R] only for clear error." *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)").

## II. DISCUSSION

New York Real Property Actions and Proceedings Law ("RPAPL") § 1304 "includes a condition precedent to the commencement of any foreclosure action, requiring that 'at least ninety days' prior to filing[,] notice be sent 'by registered or certified mail and also by first class mail to the last known address of the borrower, and to the residence that is subject to the mortgage.'" (R&R at 2

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

(quoting RPAPL §§ 1304(1), (2)).) A plaintiff in a foreclosure action can demonstrate compliance with RPAPL § 1304 "with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Schiffman*, 948 F.3d at 533 (quoting *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)).

The panel in *Schiffman* certified the following question to the New York Court of Appeals:

> Where a foreclosure plaintiff seeks to establish compliance with RPAPL § 1304 through proof of a standard office mailing procedure, and the defendant both denies receipt and seeks to rebut the presumption of receipt by showing that the mailing procedure was not followed, what showing must the defendant make to render inadequate the plaintiff's proof of compliance with § 1304?

948 F.3d at 535. In light of this, Judge Bulsara recommended the court deny the motion for default judgment without prejudice, and stay the case pending the resolution of this question because "the certified question . . . asks the Court of Appeals to shed light on the meaning and application of § 1304." (R&R at 3.) Judge Bulsara found it would therefore "be inappropriate to enter a default judgment in this case—which would require the Court to conclude that Plaintiff complied with § 1304 as a condition precedent to suit—prior to the resolution of the certified question." (*Id.*)

Plaintiff objects to this recommendation. Plaintiff claims that "the resolution of the question in *Schiffman* will have no import on this case, as the facts are distinguishable." (Pl. Obj. at 2.) Plaintiff points to several factual distinctions between the instant action and *Schiffman*:

3

(1) Plaintiff did not seek to establish compliance with RPAPL § 1304 through standard office mailing procedure; (2) Defendant did not appear and/or file an answer, and therefore did not deny receipt of the §1304 notice; and (3) Defendant did not seek to rebut the presumption of receipt of the §1304 notice at all, let alone by showing that a mailing procedure was not followed.

*Id.* While Plaintiff is correct that there are important factual differences between *Schiffman* and this case, these distinctions do not change Judge Bulsara's observation that, in answering the certified question, the Court of Appeals is likely to "shed light on the meaning and application of § 1304." (R&R at 3.) Moreover, the Court of Appeals doing so may be Plaintiff's best hope in this case.

In *Schiffman*, the Second Circuit relied on Second Department precedent for the proposition that a Plaintiff may show compliance with § 1304 "with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Schiffman*, 948 F.3d at 533 (quoting *Citibank*, 98 N.Y.S.3d at 277). Judge Bulsara concluded, and this court agrees, that Plaintiff failed to establish compliance with § 1304 under the current interpretation of the statute. In his R&R, Judge Bulsara noted that: (1) "Plaintiff's affidavit in support of the default judgment motion does not mention the § 1304 notices;" (2) "Plaintiff does not describe any mailing procedure that was followed, by affidavit or otherwise;" (3) "Plaintiff did attach two certified mail receipts to the Complaint, but they are without signatures;" and (4) Defendants "defaulted more than 5 years before the notices were purportedly mailed." (R&R at 3-4.) Plaintiff does not object to these facts as set forth by Judge Bulsara; in fact, it seconds

them. Plaintiff states that it "did not seek to establish compliance with RPAPL §1304 through standard office mailing procedure" and that it instead "annexed the . . . proof of mailing to its complaint." (Pl. Obj. at 2.)

Because Plaintiff admits that it "did not seek to establish compliance . . . through standard office mailing procedure" (Pl. Obj. at 2), under *Schiffman* it must do so "with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures." 948 F.3d at 533. The only proof of mailing Plaintiff provides is copies of certified mail receipts and stamped and addressed envelopes with the accompanying certified mail stickers attached. (*See* Certified Mail Receipts (Dkt. 1-1 at ECF 35, 41); *see also* Pl. Obj. at 2 (referring to these copies, which are annexed to its complaint, as satisfying its obligation to show "proof of mailing").)

This evidence is insufficient to show compliance with § 1304. First, § 1304 requires Plaintiff to mail notice "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." RPAPL § 1304(2). Plaintiff has submitted no evidence it complied with the requirement to send notice by first-class mail. (*See* Certified Mail Receipts.) Plaintiff's submitted evidence also does not establish compliance with the certified mailing requirement. Proof of mailing may be shown by providing "domestic return receipts with attendant signatures." 948 F.3d at 533. Here, while Plaintiff has provided copies of the certified mail receipts, it has not provided copies of the return receipts.[2]

---

[2] A return receipt is a separate item that "provides the sender with proof of delivery" and includes "the recipient's signature along with . . . [the] date of and time of delivery." *What is a Return Receipt and How Does it Work?*, http://faq.usps.com/s/article/What-is-a-Return-Receipt-and-How-does-it-Work (last visited March 30, 2020).

While *Schiffman* does not require return receipts, *see id.* ("Compliance with § 1304 can be established with proof of the actual mailings, *such as* affidavits of mailing or domestic return receipts with attendant signatures." (emphasis supplied)), Plaintiff cannot rely on the certified mail receipts to otherwise demonstrate proof of mailing. Although the envelopes were franked, the certified mail receipts were not postmarked by the United States Postal Service, so there is no conclusive evidence that the envelopes were ever actually placed in the mail. (*See* Certified Mail Receipts.)

For these reasons, Plaintiff has not met § 1304's pre-action notice requirement under the law as it currently stands. This law might change, however, when the Court of Appeals answers the questions certified in *Schiffman*. Therefore, after conducting *de novo* review, the court agrees with Judge Bulsara that it is in the interest of the parties—and in the interest of conserving judicial resources—for this court to refrain from interpreting an issue of New York law on which the New York Court of Appeals may soon provide additional guidance. Therefore, Plaintiff's objections are overruled and Judge Bulsara's R&R is adopted in full.

### III. CONCLUSION

For the reasons stated above, Plaintiff's Objections to Judge Bulsara's (Dkt. 28) R&R are OVERRULED and the R&R is ADOPTED

in full. Plaintiff's (Dkt. 27) motion for default judgment is DENIED without prejudice and the case is STAYED until the Court of Appeals answers the certified questions in *Schiffman*.

SO ORDERED.

Dated:   Brooklyn, New York
         March 31, 2020

                                                    /s/ Nicholas G. Garaufis
                                                   NICHOLAS G. GARAUFIS
                                                   United States District Judge