UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIAMI HOME LLC,

Plaintiff(s),

-against-

MAGDA VIERA,

Defendant(s).

**MEMORANDUM & ORDER**
**18-CV-1398 (NGG) (SJB)**

NICHOLAS G. GARAUFIS, United States District Judge.

This is a foreclosure action pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL"), brought by Miami Home LLC against Magda Viera. (Compl. (Dkt. 1).) Pending before the court is Miami Home LLC's renewed motion for default judgment on the basis that Magda Viera has continually failed to appear, which the court referred to magistrate Judge Sanket J. Bulsara for a report and recommendation ("R&R). (*See* Mot. (Dkt. 42); June 16, 2023 Order Referring Mot.) Judge Bulsara issued the annexed R&R on July 26, 2023, recommending that the court grant Plaintiff's motion; issue a judgment of foreclosure and sale; and award pre-judgment interest, post-judgment interest, and expenses. (R&R (Dkt. 43).)

No party has objected to Judge Bulsara's R&R, and the time to do so has passed. *See* Fed. R. of Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp. 3d 387, 397 (E.D.N.Y. 2014). Having found none, the court ADOPTS the R&R in full.

The court enters default judgment against Defendant Magda Viera and awards damages in the following amounts: the account balance of $181,503.81 from the proceeds of the sale; *per diem* pre-judgment interest at a rate of $15.26 from October 17, 2022 until the date of entry of this order; post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date of entry of this order until the judgment is satisfied; and expenses as detailed in the R&R.

Finally, the court orders foreclosure and sale of the subject property located at 109-04 Northern Boulevard, Corona, New York 11368. Susan Ellen Rizos, Esq., shall be appointed referee for the foreclosure and sale. A referee fee of $750 will be paid from the proceeds of sale. Plaintiff must also serve a copy of this order and the R&R on the Defendants at their last known addresses and to file proof of service with the court.

SO ORDERED.

Dated:      Brooklyn, New York
            August 10, 2023

                                        s/Nicholas G. Garaufis
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIAMI HOME LLC,

<div style="margin-left:2em">Plaintiff,</div>

<div style="margin-left:2em">-against-</div>

MAGDA VIERA,

<div style="margin-left:2em">Defendant.</div>
------------------------------------------------------------------X

**REPORT &
RECOMMENDATION**
18-CV-1398-NGG-SJB

**BULSARA, United States Magistrate Judge:**

Miss Jones, LLC ("Miss Jones") first filed this foreclosure action pursuant to the New York Real Property Actions and Proceedings Law ("RPAPL") on March 6, 2018, against Magda Viera, Jack Viera, Barclays Bank Delaware ("Barclays"), the City of New York Environmental Control Board, and the Transit Adjudication Bureau (collectively, "Defendants"). (Compl. dated Mar. 6, 2018 ("Compl."), Dkt. No. 1). The subject property is 109-04 Northern Boulevard, Corona, New York 11368. (*Id.* ¶ 1).

After Defendants failed to appear and a default was entered against all of them, Miss Jones sought a default judgment. (Mot. for Default J. dated May 25, 2018, Dkt. No. 17). The Court denied the motion without prejudice due to defects in service of the Complaint and default judgment motion, and because Barclays—a junior lienholder—could not be held liable for the note and mortgage. *Miss Jones, LLC v. Viera*, No. 18-CV-1398, 2019 WL 926670, at *3–*5 (E.D.N.Y. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 955279, at *2 (Feb. 26, 2019). The Court then denied Miss Jones's second motion for default judgment without prejudice in light of the Second Circuit's certification of questions regarding application of RPAPL § 1304—which prescribes certain pre-foreclosure procedures—to the New York Court of Appeals.

*Miss Jones, LLC v. Viera*, No. 18-CV-1398, 2020 WL 3002359, at *1 (E.D.N.Y. Jan. 29, 2020), *report and recommendation adopted*, 2020 WL 1527141, at *3 (Mar. 31, 2020). A third motion for default judgment was denied as moot after Miss Jones withdrew the motion, because of the then-pending motion to substitute Miami Home LLC—who was assigned the mortgage and note after the action had been commenced—as party plaintiff. (Order dated Oct. 14, 2021).

Over the course of this litigation, Miss Jones voluntarily dismissed all Defendants—the City of New York Environmental Control Board, the Transit Adjudication Bureau, Barclays, and Jack Viera—except Magda Viera ("Viera"). (Notice of Voluntary Dismissal dated Dec. 13, 2018, Dkt. No. 20; Notice of Voluntary Dismissal, attached as Ex. 1 to Letter dated Feb. 13, 2019, Dkt. No. 23).

On October 29, 2021, the Court granted Miss Jones's motion to substitute Miami Home LLC ("Miami Home") as plaintiff based on a transfer of interest in the note and mortgage. (Order dated Oct. 29, 2021). Miami Home thereafter filed a renewed motion for default judgment against the sole remaining Defendant, Magda Viera, on December 28, 2021. (Mot. for Default J. dated Dec. 28, 2021, Dkt. No. 37). The Court denied the motion without prejudice, because Miami Home failed to demonstrate compliance with the notice requirements of RPAPL § 1304, namely that the 90-day notice be mailed via certified and first class mail to Viera's last known residence. *Miss Jones, LLC v. Viera*, No. 18-CV-1398, 2022 WL 1694169, at *4–*6 (E.D.N.Y. Apr. 4, 2022), *report and recommendation adopted*, 2022 WL 1693822, at *1 (May 26, 2022).

On November 17, 2022, Miami Home again moved for default judgment. (Mot. for Default J. dated Nov. 17, 2022 ("Mot. for Default J."), Dkt. No. 42). On June 16,

2023, the Honorable Nicholas G. Garaufis referred the motion to the undersigned for a report and recommendation. (Order Referring Mot. dated June 16, 2023).

After several failures to comply with procedural requirements and rules, and after four prior denials of motions for default judgment, the Court hereby respectfully recommends that Miami Home's motion be granted.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On January 5, 2007, Magda and Jack Viera (collectively, "the Vieras") executed a "Credit Line Mortgage" with National City Bank encumbering 109-04 Northern Boulevard, Corona, New York 11368 (the "Subject Property") in the principal amount of $125,000. (Compl. ¶ 13; Credit Line Mortgage dated Jan. 5, 2007 ("Mortgage"), attached as Ex. B to Compl.). The Vieras signed the Mortgage and initialed its requisite pages. (Mortgage at 3, 5–7). Magda Viera alone executed the ancillary note to National City Bank on the same date. (Compl. ¶ 14; Note dated Jan. 5, 2007 ("Note"), attached as Ex. C to Compl.).

PNC Bank, N.A., the successor—via merger—to National City Bank, assigned the Mortgage to Trinity Financial Services, LLC ("Trinity Financial") on February 25, 2014. (Compl. ¶ 15; Assignment of Mortgage dated Feb. 25, 2014 ("Trinity Financial Assignment"), attached as Ex. D to Compl., at 2). Trinity Financial, in turn, transferred the Mortgage to 20 CAP Fund I, LLC ("20 CAP") on March 25, 2014. (Compl. ¶ 16; Assignment of Mortgage dated Mar. 25, 2014 ("20 CAP Assignment"), attached as Ex. D to Compl., at 4). 20 CAP then transferred the Mortgage to Miss Jones on July 25, 2017. (Compl. ¶ 17; Assignment of Mortgage dated July 25, 2017 ("Miss Jones Assignment"), attached as Ex. D to Compl., at 6). The Note was transferred among the same parties via the affixation of allonges. (Compl. ¶¶ 15–17; Allonges to Note, attached as Ex. C to

Compl., at 7–10). Any applicable recording tax was duly paid at the time of recording the Mortgage. (Compl. ¶ 18). Miami Home took physical possession from Miss Jones and became the owner and holder of the Mortgage and Note on June 9, 2020. (Aff. of Note Possession of Yonel Devico dated Oct. 26, 2021, attached to Mot. to Substitute Party, Dkt. No. 36 ¶¶ 5–6).

The Vieras failed to make a monthly payment due on July 6, 2012, and have continued to default on subsequent payments, placing them out of compliance with the terms and provisions of the Mortgage and instruments secured by the Mortgage. (Compl. ¶ 20). Paragraph eight of the Mortgage provided that a mortgagor will be in default if "[a]ny Consumer Borrower on any Secured Debt that is an open end home equity plan fails to make a payment when due." (Mortgage ¶ 8). Paragraph nine of the Mortgage provided that on default, the "Lender may accelerate the Secured Debt and foreclose [the] Security Instrument in a manner provided by law." (*Id.* ¶ 9). Each failure to make a payment by the Vieras constituted an Event of Default under the Note and triggered a default under the Mortgage. (Mortgage ¶¶ 8–9; Note at 3). Accordingly, on November 2, 2017, the Margolin & Weinreb Law Group, LLP ("Margolin & Weinreb"), Miss Jones's law firm and debt collection agent, issued Default Notices informing the Vieras that they are in default and at risk of a foreclosure on the Subject Property, if they fail to correct the default. (Compl. ¶ 21; Notices dated Nov. 2, 2017 ("Notices"), attached as Ex. E to Compl., at 1–5). On the same day, Margolin & Weinreb mailed 90-day foreclosure notices to the Vieras. (Compl. ¶ 21). The 90-day notices informed the Vieras that their home loan is 1,946 days and $44,507.52 in default, that they are "at risk of losing [their] home," and if they do not take actions to cure the

default within 90 days, the Lender "may commence legal action against [them]." (*Id.*; Notices at 6–7).

The Vieras did not respond to the Notices or cure the defaults. (Compl. ¶¶ 23–24). As of October 17, 2022, "there is due and owing to Miami Home the principal sum in the amount of $123,744.71, plus accrued interest . . . in the amount of $57,759.10, for a total sum of $181,503.81." (Decl. of Alan H. Weinreb dated Nov. 17, 2022, attached as Ex. 1 to Mot. for Default J., ¶ 5; Aff. of Yonel Devico dated Oct. 31, 2022 ("Devico Aff."), attached as Ex. C to Mot. for Default J., ¶¶ 6–9).

Miss Jones filed the Complaint on March 6, 2018; as of that date, Miss Jones had physical possession of both the Mortgage and Note and was the owner and holder of those instruments. (Compl. ¶ 19). The Complaint named the Vieras as Defendants because they were the borrowers who executed the Mortgage on the Subject Property. (*Id.* ¶¶ 5–6). It also named as Defendants three entities who allegedly held liens or judgments against the Subject Property: Barclays, the City of New York Environmental Control Board, and the Transit Adjudication Bureau. (*Id.* ¶¶ 7–9).

Miss Jones served Magda Viera personally with the summons and Complaint on March 23, 2018, at the Subject Property, where the first floor was her place of business, Home Value Realty. (Summons Returned Executed dated Mar. 28, 2018, Dkt. No. 11 at 1). On March 28, 2018, Miss Jones also mailed copies of the summons and Complaint to Viera at the Subject Property. (*Id.* at 2). Viera did not appear in the case, failed to answer, and as a result, the Clerk of Court entered default against her. (Entry of Default dated May 3, 2018, Dkt. No. 16).

On May 25, 2018, Miss Jones filed a motion for default judgment against all Defendants. (Notice of Mot. dated May 25, 2018, Dkt. No. 17). The Court ordered Miss

Jones to provide adequate proof of service for the City of New York Environmental Control Board and the Transit Adjudication Bureau, (Order dated Dec. 7, 2018, Dkt. No. 19 at 1–4), and in response, Miss Jones voluntarily dismissed those two Defendants. (Notice of Voluntary Dismissal dated Dec. 13, 2018, Dkt. No. 20). The Court subsequently denied the motion without prejudice due to improper service and since Barclays—a junior lienholder—could not be held liable on the motion. *Viera*, 2019 WL 926670, at *1, *5. Miss Jones proceeded to voluntarily dismiss Barclays and Jack Viera. (Notice of Voluntary Dismissal, attached as Ex. 1 to Letter dated Feb. 13, 2019, Dkt. No. 23).[1] Though a signatory to the Mortgage, Jack Viera's interest in the property was conveyed to Magda in 2008. (Deed dated Apr. 30, 2008, attached as Ex. 2 to Letter dated Feb. 13, 2019, Dkt. No. 23).[2]

Miss Jones then filed a second motion for default judgment on August 22, 2019. (Notice of Mot. dated Aug. 22, 2019, Dkt. No. 27). The Court denied the motion without prejudice and stayed the case pending the resolution of *CIT Bank N.A. v. Schiffman*, 948 F.3d 529 (2d Cir. 2020). *Viera*, 2020 WL 3002359, at *1. After the stay was lifted in May 2021, Miss Jones filed a third motion for default judgment. (Notice of Mot. for Default J. dated Aug. 23, 2021, Dkt. No. 34). The Court denied the motion as moot since Miss Jones had filed a motion to substitute in the interim; the Court also denied the motion to substitute since Miss Jones failed to attach the requisite allonges and

---

[1] In light of the dismissal of Defendants Barclays, the City of New York Environmental Control Board, and the Transit Adjudication Bureau, this Court's decision on the present motion for default judgment against Viera should not be read as resolving, in any way, the status of the liens held by any previously named defendant against whom judgment is not being entered.

[2] As noted, *supra* at 3, only Viera, and not her husband signed the Note.

recordings of transfers.  (Order dated Oct. 14, 2021; Order dated Oct. 20, 2021).  Miss

Jones then filed a renewed motion to substitute Miami Home as plaintiff, (Letter-Mot.

dated Oct. 27, 2021, Dkt. No. 36), which the Court granted.  (Order dated Oct. 29, 2021).

Thereafter, on December 28, 2021, Miami Home filed a motion for default

judgment against Viera.  (Mot. for Default J. dated Dec. 28, 2021, Dkt. No. 37).  The

Court denied the motion without prejudice for failure to comply with RPAPL § 1304.

*Viera*, 2022 WL 1694169, at *1.  Because there had already been three other such

motions filed in the case, the Court directed Miami Home to file a letter appending

documents—including any affidavits demonstrating its compliance with RPAPL

§ 1304—before filing another motion.  *Id.* at *6.

On September 23, 2022, Miami Home filed a letter including an Affidavit of

Mailing Procedures.  (Letter dated Sept. 20, 2022, Dkt. No. 40).  It filed the present

motion for default judgment against Viera on November 17, 2022.  (Mot. for Default J.).

Pursuant to Local Civil Rule 55.2(c), Miami Home mailed the motion papers to Viera's

last known residence.  (Aff. of Service dated Nov. 17, 2022, attached as Ex. 8 to Mot. for

Default J.).

<u>DISCUSSION</u>

I.  <u>Liability</u>

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for

obtaining a default judgment.  *See Shariff v. Beach 90th St. Realty Corp.*, No. 11-CV-

2551, 2013 WL 6835157, at *3 (E.D.N.Y. Dec. 20, 2013) (adopting report and

recommendation).  First, "[w]hen a party against whom a judgment for affirmative relief

is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, after

default has been entered, and the defendant fails to appear or move to set aside the

default under Rule 55(c), the Court may, on plaintiff's motion, enter a default judgment

against that defendant. *Id.* R. 55(b)(2).

Whether to enter a default judgment is committed to the discretion of the district

court, within the limits articulated by the Second Circuit. *Enron Oil Corp. v.

Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993) ("The circumscribed scope of the district

court's discretion in the context of a default is a reflection of our oft-stated preference

for resolving disputes on the merits."). That is, the Second Circuit "ha[s] a strong

preference for resolving disputes on the merits" and has cautioned that "a default

judgment is the most severe sanction which the court may apply." *City of New York v.

Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (quotations omitted).

"A default does not establish conclusory allegations, nor does it excuse any

defects in the plaintiffs' pleading." *Mateo v. Universal Language Corp.*, No. 13-CV-

2495, 2015 WL 5655689, at *4, *6–*7 (E.D.N.Y. Sept. 4, 2015) (finding defendant was

not plaintiff's employer based on his testimony that contradicted allegations in the

complaint), *report and recommendation adopted*, 2015 WL 5664498, at *1 (Sept. 23,

2015). For example, an allegation is not "well-pleaded" if is contradicted by other

evidence put forth by the plaintiff. *See id.* at *6–*7; *Montblanc-Simplo GmbH v. Colibri

Corp.*, 739 F. Supp. 2d 143, 151 (E.D.N.Y. 2010) ("[O]nce plaintiffs provided an actual

picture of the allegedly infringing pen that contradicted the allegations in the Complaint,

those allegations would no longer be considered well-pleaded.").

In deciding a motion for default judgment, a court "is required to accept all of the

[plaintiff]'s factual allegations as true and draw all reasonable inferences in its favor."

*Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A party's default is deemed an

admission of all well-pleaded allegations of liability. *See Greyhound Exhibitgroup, Inc.*
*v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Morales v. B & M Gen.*
*Renovation Inc.*, No. 14-CV-7290, 2016 WL 1266624, at *2 (E.D.N.Y. Mar. 9, 2016),
*report and recommendation adopted*, 2016 WL 1258482, at *2 (Mar. 29, 2016). The
Court must then determine "whether the unchallenged facts constitute a legitimate
cause of action." 10A Charles Alan Wright & Arthur R. Miller et al., *Federal Practice*
*and Procedure* § 2688.1 (4th ed. 2022) ("Once the default is established, defendant has
no further standing to contest the factual allegations of plaintiff's claim for relief. Even
after default, however, it remains for the court to consider whether the unchallenged
facts constitute a legitimate cause of action, since a party in default does not admit
conclusions of law."); *Labarbera v. ASTC Labs. Inc.*, 752 F. Supp. 2d 263, 270 (E.D.N.Y.
2010) (adopting report and recommendation).

The Court denied Miami Home's prior motion for default judgment because it
failed to comply with RPAPL § 1304. *Viera*, 2022 WL 1694169, at *4–*6.

> Section 1304 of the RPAPL requires that, at least 90 days before
> commencing a home foreclosure action, a notice of default on the mortgage
> loan be sent by registered or certified mail and also by first-class mail to the
> last known address of the borrower, and to the residence that is subject to
> the mortgage. Section 1304 also prescribes the contents of the notice.

*Windward Bora LLC v. Armstrong*, No. 18-CV-6355, 2021 WL 606713, at *5 (E.D.N.Y.
Feb. 16, 2021) (quotations and citations omitted). "Proper service of [an] RPAPL 1304
notice on the borrower or borrowers is a condition precedent to the commencement of a
foreclosure action, and the plaintiff has the burden of establishing satisfaction of this
condition." *CIT Bank N.A. v. Schiffman*, 999 F.3d 113, 116 (2d Cir. 2021) (alteration in
original) (quoting *Deutsche Bank Nat'l Tr. Co. v. Spanos*, 102 A.D.3d 909, 910 (2d Dep't
2013)).

A lender can establish compliance with section 1304 in one of two ways: (1) if the "notice or other document was sent through evidence of actual mailing (e.g., an affidavit of mailing or service)"; or (2) "by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature." *CIT Bank N.A. v. Schiffman*, 36 N.Y.3d 550, 556 (2021) (citations omitted). Under the second method, a "lender may create a rebuttable presumption that it complied with § 1304 by submitting 'proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.'" *Schiffman*, 999 F.3d at 116 (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 21 (2d Dep't 2019)).

In its Report and Recommendation dated April 4, 2022, the Court concluded Miami Home failed to demonstrate compliance with § 1304 through either of these mechanisms the law deems sufficient. *Viera*, 2022 WL 1694169, at *4. It further noted that "there is no affirmative evidence, by way of affidavit, for example, establishing that at the time of mailing the Subject Property was Viera's last known address." *Viera*, 2022 WL 1694169, at *6.

In support of the present motion, Miami Home submitted a notarized affidavit of employee Gina Votta in which she attests to her personal knowledge of Margolin & Weinreb's ordinary business practices in the creation, addressing, and mailing of 90-day notices, namely: generating "separate RPAPL § 1304 notices for each borrower that are to be to be sent by registered or certified mail and also by first-class mail to the last known address of each borrower, and to the property which is the subject of the mortgage, if different from the last known address." (Aff. of Mailing Procedures of Gina Votta dated Sept. 1, 2022 ("Votta Aff."), attached as Ex. D to Mot. for Default J., ¶ 6).

10

The affidavit further avers that the Subject Property was the "last known notice address for the borrowers" at the time of mailing. (*Id.* ¶ 15). Miami Home also attached a copy of the 90-day notice, along with the envelopes and certified mail receipts. (90-Day Notice, attached as Ex. A to Votta Aff.; Certified Mail Envelopes & Receipts, attached as Ex. B to Votta Aff.). Miami Home has, therefore, cured the deficiencies identified in the Court's April 4, 2022 Report and Recommendation.

To obtain a default judgment in "a mortgage foreclosure action under New York law, 'the lender must prove . . . the existence of an obligation secured by a mortgage, and a default on that obligation.'" *Gustavia Home, LLC v. Rice*, No. 16-CV-2353, 2016 WL 6683473, at *2 (E.D.N.Y. Nov. 14, 2016) (alteration in original) (quoting *R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997)); *see also E. Sav. Bank, FSB v. Ferro*, No. 13-CV-5882, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015). "[I]n a New York mortgage foreclosure action, a plaintiff makes a *prima facie* case . . . where the foreclosing party produces documentary evidence establishing the three elements of a foreclosure claim: (1) a mortgage, (2) a note, and (3) proof of default on the note by the mortgagor." *CIT Bank, N.A. v. Escobar*, No. 16-CV-3722, 2017 WL 3614456, at *4 (E.D.N.Y. June 16, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)), *report and recommendation adopted*, 2017 WL 3634604, at *1 (Aug. 18, 2017). "[O]nce a plaintiff mortgagee in a foreclosure action has established a prima facie case . . . it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *United States v. Leap*, No. 11-CV-4822, 2014 WL 1377505, at *2 (E.D.N.Y. Feb. 18, 2014), *report and recommendation adopted*, 2014 WL 1383139, at *2 (Apr. 8, 2014).

Miami Home has submitted the requisite documentation to establish a *prima facie* case for foreclosure. It produced the Mortgage and the Note, and has established that default occurred following Viera's failure to make the July 6, 2012 payment and all subsequent payments. (Compl. ¶ 20). Under the provisions of the Note and Mortgage, the "Bank can terminate [a borrower's] Line and require [her] to pay the entire outstanding balance in one payment if [she] breach[es] a material obligation" of the Agreement, for example, if she does "not meet the repayment terms." (Note at 3). And on default, the "Lender may accelerate the Secured Debt and foreclose [the] Security Instrument in a manner provided by law." (Mortgage ¶ 9). Further, Miami Home has established that through assignment, it is now the "owner and holder of [the] Note and Mortgage." (Compl. ¶ 19; Devico Aff. ¶ 4). Finally, Viera has not appeared to contest the right to foreclose. In light of the unrebutted *prima facie* case, Miami Home is entitled to foreclosure. *See, e.g., Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Toscano*, No. 20-CV-5998, 2021 WL 6424600, at *3 (E.D.N.Y. Dec. 20, 2021) (recommending entry of default judgment where "HUD has presented the requisite documentation to establish a *prima facie* case" and the defaulting defendants "have not made an affirmative showing to overcome the plaintiff's *prima facie* case"), *report and recommendation adopted*, 2022 WL 103678, at *1 (Jan. 11, 2022); *Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Rhodie as Co-Tr. of Lornice Rhodie Revocable Living Tr.*, No. 21-CV-3165, 2022 WL 3213048, at *3 (E.D.N.Y. Aug. 9, 2022) (granting default judgment for same reasons).

II.   Damages

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158. "Although the default establishes a defendant's liability,

unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quotations and citations omitted), *report and recommendation adopted*, 2012 WL 1354481, at *2 (Apr. 13, 2012). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1992)). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (adopting report and recommendation) (collecting cases). Under Rule 55(b)(2), "it [is] not necessary for the District Court to hold a hearing" to determine the amount of damages "as long as it ensured that there was a basis for the damages specified in the default judgment." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Gilbert*, No. 20-CV-1441, 2022 WL 344270, at *3 (N.D.N.Y. Feb. 4, 2022) ("A hearing is not necessary where the record contains detailed affidavits and documentary evidence that enables the court to evaluate the proposed sum and determine an award of damages." (citing *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993))).

Miami Home seeks a judgment of foreclosure and sale with the proceeds applied to a total amount owed of $181,503.81 as of October 17, 2022. (*See* Devico Aff. ¶ 9). By virtue of her default, Viera has not objected to Miami Home's calculations. And Miami

Home has submitted the requisite documentation for this recovery, including through the affidavit of Yonel Devico, a Member of Miami Home.

The Court was able to confirm Miami Home's calculations:

As of October 17, 2022, the remaining principal of the Mortgage was $123,744.71. (*Id.* ¶ 6).

The total accrued interest as of October 17, 2022 was $57,759.10. (*Id.* ¶ 7). Miami Home charged the Borrower, Magda Viera, a *per diem* interest rate. (*Id.* ¶ 8). According to the terms of the Loan, the interest rate at the time of default was 4.5%. (*Id.*). The interest for this account is "calculated by taking the principal balance (i.e. $123,744.71) and multiplying it by 4.500% and then dividing that number by 365 days to obtain the *per diem* interest which, in this case, equals $15.26." (*Id.*) Since "the date of default is July 6, 2012 (and interest pursuant to the Note is paid in arrears)," interest is calculated beginning from June 6, 2012. (Devico Aff. ¶ 8). And because there are 3,785 days between June 6, 2012 and October 17, 2022, the total interest is $57,759.10.

The sum of the total past due interest and the total principal balance is $181,503.81. Both the Devico Affidavit and the Proposed Judgment of Foreclosure and Sale ("Proposed Judgment") state that the total amount owed is $181,503.81. (Devico Aff. ¶ 9; Proposed J. of Foreclosure & Sale ("Proposed J."), attached as Ex. 3 to Mot. for Default J., at 3).

Additionally, Miami Home seeks "interest from October 17, 2022" and onward. (Proposed J. at 3). The Court recommends awarding Miami Home *per diem* pre-judgment interest of $15.26, beginning from October 17, 2022 until the date on which judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a), running from the date judgment is entered until judgment is satisfied. *E.g.,*

14

*Windward Bora LLC v. Baez*, No. 19-CV-5698, 2020 WL 4261130, at *5 (E.D.N.Y. July 24, 2020).

As for costs, Miami Home seeks reimbursement for "expenses of the sale and the advertising expenses as shown on the bills presented to [the] Referee and certified by her," and "any sums expended by [Miami Home], for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon." (Proposed J. at 2–3). Miami Home did not expressly seek this relief in its Complaint, (*see* Compl. at 7 (generally requesting "the expenses of such sale")), and when granting default judgment, courts generally are not permitted "to award damages that exceed what the plaintiff requested in its complaint." *Windward Bora, LLC v. Castiglione*, No. 18-CV-1766, 2019 WL 2435670, at *5 (E.D.N.Y. Jan. 10, 2019) (citing *Finkel v. Universal Elec. Corp.*, 970 F. Supp. 2d 108, 121 (E.D.N.Y. 2013)). Here, however, given that Miami Home did seek "the expenses of such sale," the Court finds that this phrase "logically includes" Miami Home's stated costs. *Baez*, 2020 WL 4261130, at *6 (granting reimbursement of foreclosure and sale expenses where "expenses of the sale" were sought) (collecting cases); *Windward Bora LLC v. Thomas*, No. 20-CV-5320, 2022 WL 14731628, at *11 (E.D.N.Y. Sept. 30, 2022) (same).

"A plaintiff in a foreclosure action may recover . . . costs against a borrower-defendant if the note or mortgage provides for such an award." *U.S. Bank Nat'l Ass'n v. Swezey*, No. 20-CV-91, 2022 WL 1422841, at *10 (E.D.N.Y. Mar. 24, 2022), *report and recommendation adopted*, 2022 WL 2390989, at *1 (July 1, 2022). The Mortgage allows for the collection of all costs by the Lender, Miami Home. (Mortgage ¶ 10 ("If Mortgagor breaches any covenant in [the] Security Instrument, Mortgagor agrees to pay all expenses Lender incurs in performing such covenants or protecting its security

interests in the Property.")).  Therefore, the Court respectfully recommends that Miami
Home be awarded these expenses as requested in the Proposed Judgment.

III.    <u>Judgment of Foreclosure and Sale</u>

Miami Home requests that the "mortgaged premises described in the
Complaint . . . be sold in one parcel . . . at public auction . . . and under the direction of
[a] Referee."  (Proposed J. at 1–2).  By presenting the Mortgage, Note, and proof of
default on those instruments as a result of Magda Viera's failure to make the July 6
payment and subsequent payments, Miami Home has established a presumptive right to
foreclose on the Subject Property, and Viera has not appeared to make any showing to
overcome this *prima facie* case.  *See Leap*, 2014 WL 1377505, at *2.  In addition, Miami
Home has proposed a "Referee" to sell the mortgaged premises.  (Proposed J. at 2).  The
Court recommends the appointment of this Referee, Susan Ellen Rizos, Esq., and that a
Referee fee be paid in the sum of $750 from the proceeds of the sale, as proposed by
Miami Home.  (*Id.*); *see, e.g., Rhodie*, 2022 WL 3213048, at *5 (appointing plaintiff's
proposed Master and approving a $750 fee as reasonable); *Windward Bora, LLC v.
Brown*, No. 21-CV-3147, 2022 WL 875100, at *7 (E.D.N.Y. Mar. 24, 2022) (same);
*Gilbert*, 2022 WL 344270, at *4 (same); *Leap*, 2014 WL 1377505, at *3 (recommending
same).

<div align="center">CONCLUSION</div>

For the reasons described above, the Court respectfully recommends that Miami
Home's motion for default judgment be granted and that:

1.  The District Court order the foreclosure and sale of the Subject Property
    located at 109-04 Northern Boulevard, Corona, New York 11368;

<div align="center">16</div>

2. The proposed Referee be appointed to conduct the sale and receive a fee in the sum of $750 from the proceeds of the sale;

3. Miami Home be awarded the account balance sought of $181,503.81 from the proceeds of the sale;

4. Miami Home be awarded *per diem* pre-judgment interest of $15.26, beginning from October 17, 2022 until the date judgment is entered, and post-judgment interest at the statutory rate under 28 U.S.C. § 1961(a) from the date judgment is entered until judgment is satisfied;

5. Miami Home be awarded expenses of the sale and the advertising expenses as shown on the bills presented to the Referee and certified by her, in addition to any sums expended for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report.  Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision." (quotations omitted)).

Miami Home is directed to serve a copy of this Report and Recommendation on Magda Viera and file proof of such service on the record.

SO ORDERED.

/s/ *Sanket J. Bulsara*  July 26, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

18